IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN A. COLEMAN,

        Plaintiff,                      No. CIV S-06-2313 LKK DAD P

    vs.

CAMPBELL, et al.,

        Defendants.         ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not, however, filed a completed in forma pauperis affidavit or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee.

        In addition, it appears that plaintiff has not exhausted administrative remedies. In the complaint filed in this action there is no allegation that the prison administrative grievance procedures have been exhausted on all claims alleged in the pleading. Thus, it appears from the face of the complaint that plaintiff did not exhaust available administrative remedies prior to bringing this action. See Wyatt v. Terhune, 280 F.3d 1238, 1246 (9th Cir. 2002). Accordingly, plaintiff will be directed to show cause why this action should not be dismissed without prejudice

1

for failure to exhaust administrative remedies prior to bringing this action.[1] If plaintiff fails to respond to this order within the allotted time, the undersigned will recommend that this action be dismissed without prejudice.

Under regulations governing prison grievance procedures in California, state prisoners "may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The administrative appeal system progresses from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. In light of the Supreme Court's holding in Booth v. Churner, a California prisoner must file a prison grievance on all claims challenging prison conditions and, as a general rule, proceed to the Director's level of review prior to bringing a § 1983 action on those claims, regardless of whether the relief sought by the prisoner is available through the administrative appeal system. In addition, plaintiff must have exhausted administrative remedies for his claims concerning Yuba County Jail by using the jail's grievance procedures.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee;

2. Within thirty days from the date of this order plaintiff shall show cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies;

3. Plaintiff's failure to comply with this order shall result in the dismissal of this action without prejudice; and

/////

---

[1] Dismissal without prejudice will permit plaintiff to file a new action upon exhaustion of the prison grievance process.

1    4. The Clerk of the Court is directed to send plaintiff a new Application to
Proceed In Forma Pauperis By a Prisoner.

DATED: October 25, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:bb/4
cole2313.3a

3